**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| DELANO A. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-126 |
| | ) | |
| UHAUL CORPORATION, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Delano A. Middleton filed a Complaint alleging that he was attacked by employees of the U-Haul Corporation ("U-Haul") at a U-Haul location in Savannah, Georgia in October 2021. *See* doc. 1 at 7-13. The Court granted him leave to proceed *in forma pauperis* ("IFP") and directed him to file an Amended Complaint to clarify his allegations establishing this Court's subject matter jurisdiction over his claims. *See generally* doc. 4. He has complied. Doc. 5.

The Court's prior Order noted that Middleton alleged that this Court has subject matter jurisdiction over his claims based on the parties' diversity of citizenship. *See* doc. 4 at 4. The original Complaint, however, failed to allege the citizenships of the two individual defendants. *See id.*

It, therefore, failed to plead any sufficient basis for the Court's jurisdiction. *Id.* Middleton's Amended Complaint omits any claims against the two individual employees. *See generally* doc. 5. It also expressly alleges that U-Haul has its principal place of business in Phoenix, Arizona. *See* doc. 5 at 4, 6. He also seeks $1,250,000.00 in damages. Those allegations are sufficient, at this stage, to allege this Court's jurisdiction. *See, e.g.,* 28 U.S.C. § 1332; *see also, e.g., Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("For purposes of determining diversity, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

The Court must screen any complaint filed IFP, pursuant to 28 U.S.C. § 1915(e). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Although Middleton's Amended Complaint is not a model of clarity or concision, *cf.* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim"), the Court can discern at least one claim that is sufficient, for screening purposes at least. Middleton alleges that he went to a U-Haul location in Savannah, Georgia looking for a truck he had previously rented, but which had disappeared from his residence. *See* doc. 5 at 8. Although it does not appear that the truck he previously rented was at the location, he took steps to rent a replacement. *Id.* at 8-9. While he was inspecting the trucks available for rental he "was attacked / struck over [his] left upper [b]ack part of [his] shoulder," by a

U-Haul employee. *Id.* at 9. Another employee was present, who appeared to Middleton to be "reaching . . . for a concealed weapon which appeared to be a gun . . . ." *Id.* (emphasis omitted). An altercation occurred, during which Middleton "had to use a folded pocket knife to demobilize" the employee who allegedly struck him. *Id.* at 10. He was subsequently arrested and incarcerated. *Id.* at 10-11. Much of the remainder of the Amended Complaint is occupied in asserting various theories of monetary damages. *See, e.g., id.* at 10-21.

First, the Court notes that the Amended Complaint omits any claim asserted against the two individual U-Haul employees, defendants Young and Patterson, who were named in the original Complaint. *Compare* doc. 1 at 1-2, *with* doc. 5 at 1-4. Since the Amended Complaint supersedes all prior pleadings, the defendants not named in the Amended Complaint should be **DISMISSED**. *See, e.g., Riley v. Georgia Dept. of Corrs.*, 2012 WL 2872636, at *2 (S.D. Ga. Apr. 17, 2012); doc. 4 at 5 (informing Middleton that "his amended complaint will supersede his original pleading—that is, it will replace the original pleading entirely . . . .").

Middleton asserts that his claim against U-Haul is based on "negligence." *See, e.g.,* doc. 5 at 6. He later states that U-Haul was negligent in that it "allowed [its e]mployees to take unprofessional harmful matters into their . . . hands without the proper standard of care . . . ." *Id.* at 12. He later states that "[n]egligent [s]upervision or training result[ed] in [his] injuries . . . ." *Id.* at 21. More specifically, he objects that the employees were not trained or instructed to call police rather than attempt to intervene in what they apparently perceived as his illegal actions. *Id.* at 21-22. As explained below, while Middleton's precise theory of U-Haul's liability for the actions of its employees is not entirely clear, the Amended Complaint is sufficient for service.

Georgia law recognizes that an employer can be held liable for torts, including intentional torts, committed by its employees. *See, e.g.,* O.C.G.A. § 51-2-2; Charles R. Adams III, David Hricik, Georgia Law of Torts § 15:8 (Dec. 2020) ("A principal is liable for the intentional torts or negligence of its agent under the doctrine of *respondeat superior*."). Georgia law also recognizes negligent training and supervision as bases for imposing liability on an employer for harm caused by an employee. *See, e.g.,* Georgia Law of Torts § 15:17 (Dec. 2020). The Georgia Supreme

Court has recently explained that "[a]n employee may . . . act 'under color of' his employment where the employee commits acts that are not authorized by his employment, but does those acts in a form that purports they are done by reason of his employment duties and by virtue of his employment." *Johnson v. Avis Rent A Car Sys., LLC*, 858 S.E. 2d 23, 34 (Ga. 2021). Although the Court does not positively conclude that Middleton has sufficiently pleaded any claim against U-Haul, dismissal prior to service is not warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Although the Court approves Middleton's Amended Complaint for service, it must also address the two other motions he has filed. His first Motion requests the Court's "assistance in getting Exhibit(s) and Evidence Document(s) copied . . . at the Chatham County Jail." Doc. 7 at 1. Construed as a request for injunctive relief, the Court lacks jurisdiction over any Chatham County Jail staff, none of whom are parties to this action. *See, e.g., Roach v. Liberty County Jail*, 2023 WL 3204037, at *1 (S.D. Ga. May 2, 2023) (citing *Infant Formula Antitrust Litig. v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995)) ("[T]he Court lacks jurisdiction to issue an injunction against a non-party, much less an unidentified and hypothetical non-party."). Moreover, "jail officials do

not necessarily have to provide a prisoner with free, unlimited access to photocopies . . . in order to protect the prisoner's right to access to the courts." *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983). As discussed below, photocopies are available from the Clerk of Court for a fee. To the extent that Middleton seeks an order requiring unidentified Chatham County Jail staff to provide him with free photocopies, his Motion should be **DENIED**. Doc. 7.

The second Motion that Middleton has filed seeks "2 sets of [s]upoena forms . . . to retrieve [d]ocumentation for in 2 different locations." Doc. 8 at 1. Specifically, he seeks "property logged into evidence by Savannah Police . . . ," and documents related to his residence at a Red Roof Inn in Savannah, Georgia. *Id.* It is the longstanding general policy of this Court that "[s]ubpoenas will not be issued to any party litigant who is incarcerated in a jail or prison." *In re: Subpoenas*, MC496-006, doc. 1 at 1 (S.D. Ga. Jan. 16, 1996). The Court is not satisfied that the documents Middleton requests are relevant to any claim for which discovery would be proper. *See Harris v. SCMPD (CNT Agents)*, 2018 WL 1863648, at *2 n. 1 (S.D. Ga. Apr. 18, 2018); *see also, e.g., Shuler v. Fla. Dept. of Corrs.*, 2019 WL 11690216, at*1 (S.D. Fla. Mar. 6, 2019)

("A district court has either implied or inherent power and discretion to prevent abuse of its process, including the discretion to refuse to subpoena witnesses for an indigent party in a civil proceeding." (internal quotation marks, alterations, and citations omitted)). Middleton's request for subpoenas is, therefore, **DENIED**. Doc. 8.

In summary, defendants Young and Patterson should be **DISMISSED**. Middleton's Motions for "A So-Order Assistance" should be **DENIED**. Doc. 7. His request for issuance of subpoenas is **DENIED**. Doc. 8. Since the Court approves Middleton's Amended Complaint for service, a copy of Plaintiff's Amended Complaint, doc. 5, and a copy of this Order and Report and Recommendation shall be served upon defendant U-Haul Corporation by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

**INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint

to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the

Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

**INSTRUCTIONS TO PLAINTIFF**

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall

contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are

not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss

shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a

genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 25th day of May, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA