## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

DELANO A. MIDDLETON,  )
         )
    Plaintiff,   )
         )
v.         )    CV423-126
         )
UHAUL CORPORATION, *et al.*, )
         )
    Defendants. )

## <u>ORDER</u>

The Court previously directed *pro se* plaintiff Delano Middleton to provide additional information concerning the identity of the defendant he named, "U-Haul Corporation," after the United States Marshal was informed that no such entity exits.  *See* doc. 14.  Middleton has filed several responses, docs. 15 & 16, and an Amended Complaint, doc. 17. For the reasons explained below, the Amended Complaint is both improperly filed and futile and Middleton's responses to the Court's Order are insufficient.  The Court will, however, afford him <u>one</u> final

opportunity to provide information sufficient for the Marshal to effect service.

As the Court's prior Order explained, *see* doc. 14 at 1-2, its role in effecting service on behalf of plaintiffs proceeding *in forma pauperis* is limited to "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff." *Simmons v. Prison Health Servs., Inc.*, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); *see also Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009) (failure of prisoner proceeding *in forma pauperis* to provide an address for defendant so that process could be served warranted dismissal); *Salas v. Tillman*, 162 F. App'x 918, 923 (11th Cir. 2006). Where a plaintiff does not provide sufficient information to effect service, and fails to remedy the lack of information, dismissal is appropriate. *See, e.g., Brown v. Davis*, 656 F. App'x 920, 921 (11th Cir. 2016).

The Marshal's return of service indicates that it was informed that "U-Haul Corporation is not a legal entity," and acceptance of process was refused. *See* doc. 12. Middleton responded to the Marshal's return, in part, by submitting correspondence he received from an attorney who similarly advised him "U-Haul Corporation is not a corporate entity . . .

." Doc. 15 at 2. The attorney further explained that process could not be accepted on behalf of the entity "as it does not exist." *Id.* In that response, Middleton expresses confusion about the implications of the correspondence. *See id.* at 1.

Middleton subsequently responded to the Court's Order. *See* doc. 16. That response notes his difficulty in providing additional factual details, as he is currently incarcerated. *Id.* at 1. He objects to the Marshal's note that "there was no individual willing to accept service upon the named defendant" because "someone had to receive, review, read and / or investigate the Complaint served to address Plaintiff provided because UHaul retained and /or hired a lawyer . . . ." *Id.* at 2. He subsequently asserts that those in receipt of his pleadings are "[i]gnoring and / or [a]ttempting to ignore the Court[']s Order . . . ." *Id.* at 4. He suggests that the failure to respond would entitle him to "summary judgment." *Id.* While the Court appreciates that Middleton is attempting to litigate his case, his filings show that he fails to understand these proceedings.

His implicit assertion that he may discharge his obligation to sufficiently identify a defendant because some entity or individual has

actual notice of his suit is mistaken.  "A defendants actual notice [of a suit] is not sufficient to cure defectively executed service."  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Moreover, his incredulity concerning the non-existence of "U-Haul Corporation" is misplaced.  Based on a search of public records maintained by the Arizona Corporations Commission and the Georgia Secretary of State, the Court has independently confirmed that there is no indication that "U-Haul Corporation" exists.[1]  While the Court appreciates Middleton's confusion concerning the entity's name, such distinctions are not mere technicalities.  In the same way that a suit against "John Smith," cannot be effectively served upon "Jane Smith," or "John Jones," a suit against "U-Haul Corporation" cannot be effectively served upon another entity, despite any similarities in their names.[2]  Moreover, this Court is not

---

[1]  The Arizona Corporations Commission's records are searchable at https://ecorp.azcc.gov/EntitySearch/Index.  Searches for "U-Haul Corporation" and "UHaul Corporation" returned no results.  The Georgia Secretary of State's records are searchable at https://ecorp.sos.ga.gov/businesssearch.  Searches for the named defendant returned no results.  The Court may properly take judicial notice of those records.  *See, e.g., Banks v. McIntosh Cnty.*, 530 F. Supp. 3d 1335, 1346 n. 7 (S.D. Ga. 2021) ("Courts routinely take judicial notice of factual information found on official governmental agency websites.").

[2]  Courts have recognized that a mere misnomer does not provide a party with an impenetrable shield to avoid service, *see, e.g., Neal v. Cochran, Cherry, Givens & Smith, P.C.*, 589 F. Supp. 2d 1363, 1365 (N.D. Ga. 2008), but Middleton's assertion of claims against a demonstrably non-existent entity, despite the relatively clear existence of other entities, is not a "mere misnomer."  *Cf. Grannis v. Ordean*, 234 U.S.

empowered to provide any assistance to Middleton in identifying the defendant he wishes to sue. *See, e.g., Farkas v. SunTrust Mortg., Inc.*, 447 F. App'x 972, 973 (11th Cir. 2011) (liberal construction afforded to *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). Middleton's submissions, therefore, are insufficient to discharge his obligation to provide sufficient information for the Marshal to effect service.

Despite Middleton's misunderstanding of the applicable legal principles, his submissions indicate a good-faith attempt to address the defects in his prior pleadings. The Court will, therefore, afford him <u>one final</u> opportunity to properly identify a defendant who can be served. Middleton is **DIRECTED** to submit an amended complaint by no later than September 1, 2023. Given Middleton's defective attempt to file an amendment incorporating prior pleadings by reference, discussed below, he is explicitly **DIRECTED** that he may not incorporate prior pleadings by reference. His amended complaint will supersede all of his original

---

385, 395 (1914) ("If a defendant within the jurisdiction is served personally with process *in which his name is misspelled*, he cannot safely ignore it on account of the misnomer." (emphasis added)).

pleadings—that is, it will replace the original pleadings entirely—and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). The Clerk is **DIRECTED** to enclose a copy of Form Pro Se 1 (Complaint for Civil Case) for Middleton's convenience in preparing his amendment. He is further advised that failure to timely comply with this Order may result in dismissal of his case for failing to obey a court order or failure to prosecute this case. *See* Fed. R. Civ. P. 41(b).

On the same day he filed his response to the Court's Order, Middleton also submitted an Amended Complaint. *See* doc. 17. It purports to add two individual defendants, allegedly officers of ambiguously named U-Haul-related entities. *See id.* at 2. Middleton previously submitted an Amended Complaint. *See* doc. 5. The Federal Rules do not permit a plaintiff to amend his complaint more than once, without the Court's leave or opposing parties' written consent. *See* Fed. R. Civ. P. 15(a)(1)-(2). In the absence of the Court's leave or written consent, Middleton's amended complaint was filed in violation of the

Federal Rules of Civil Procedure and is not properly before the Court.[3]

*See, e.g., Swanson v. Cobb Cnty. Dept. of Family & Children Servs.*, 2023 WL 2169044, at *1 (N.D. Ga. Feb. 21, 2023). It is, therefore, **STRICKEN**. The Clerk is **DIRECTED** to remove the individual defendants, Edward Joe Shoen and Mark Shoen, from the docket as no claim has been properly asserted against either of them.

    **SO ORDERED,** this 2nd day of August, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Even if the Court ignored the procedural defect, a motion seeking to file the submitted amendment would be properly denied. *See, e.g., Green v. Synchrony Card Issuance Tr.*, 2023 WL 4277341, at *2 (S.D. Ga. June 29, 2023). No additional facts are alleged; Middleton simply incorporates his "[i]nitial Complaint," by reference. *See* doc. 17 at 4. It does not alter the asserted claim against the ambiguously identified U-Haul entity. It is, therefore, redundant. To the extent that it seeks to add claims against the individual defendants, it would be subject to dismissal for two reasons. First, since the operative complaint does not include any factual allegations implicating either of the two individual defendants, merely adding them as defendants is insufficient to state a claim against them. *See* doc. 5 at 8-26; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Second, even if the Court inferred that Middleton alleged that the individuals were liable as principals of the alleged tortfeasors' employer, their alleged relationship to the corporation, alone, is insufficient to allege their vicarious liability. *See, e.g., Oconee Sporting Sales, Inc. v. Compton*, 2010 WL 11610613, at *6 (S.D. Ga. June 23, 2010) ("Under the doctrine of respondeat superior, a corporation, as an employer, is responsible for the conduct of its employees if the employee acted within the scope of his employment and on the business of the employer.").