# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

DELANO A. MIDDLETON,            )
                                )
            Plaintiff,          )
                                )
v.                              )            CV423-126
                                )
UHAUL CORPORATION, *et al.*,    )
                                )
            Defendants.         )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiff Delano A. Middleton to amend his Complaint to provide sufficient information to permit the United States Marshal to serve any defendant. *See generally* doc. 18. He has now responded to that Order, doc. 18, and submitted an Amended Complaint, doc. 19. The Court, therefore, proceeds to screen the Amended Complaint. Doc. 20-1.

The Court must screen any complaint filed IFP, pursuant to 28 U.S.C. § 1915(e). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112

F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

As the Court previously summarized, Middleton's allegations concern an altercation he was involved in at a U-Haul truck rental location in Savannah, Georgia. *See* doc. 10 at 3-4. The Amended Complaint similarly alleges that he was involved in a physical altercation with the manager of a U-Haul location in 2021. *See* doc. 20-1 at 15-18. During that altercation, he was threatened with a gun by another employee. *Id.* at 16. He eventually fled the location. *Id.* at 17. He was

later arrested by Savannah Police and the resulting charges remain pending against him. *See id*. at 17-18. He identifies as defendants "Edward Joe Shoen—CEO[,] Owner UHAUL Corporation Head[q]uarter," "Mark Shoen—Founder UHAUL[,] Franchise Corporation," and "UHAUL Corporation Franc[h]ise Head[q]uarters." *Id*. at 2. Elsewhere he identifies the entity defendant as "UHAUL-(Franchisor Corporate Headquarters-Licensor)." *Id*. at 6.

First, Middleton fails to state any viable claim against the two individual defendants. Although he does not allege that either individual was involved in the events giving rise to his claims, he appears to contend that they are vicariously liable. The Amended Complaint contains the following statement, in unedited form:

> Three Groups of individuals—Shareholders, Board of Directors, and Officers—make up the corporate structure. (1) Shareholders exert influence through the directors they elect to serve and represent them on the Board, (2) the Board of Directors, in turn, manages the affairs of the corporation at a policy level, and hires and fires (3) the officers who are responsible for the day-to-day decisions of the company.

Doc. 20-1 at 9. He later alleges that "Edward Joe Shoen—CEO Owner UHAUL and Mark Shoen—Founder UHAUL and UHAUL (the Franchisor-Licensor-Corporate Headquarters) allows negligence, bad

3

ethics, malice and *violence to take place towards and against its customers and consumers." *Id.* at 31.  Construed charitably, those allegations imply that Middleton asserts that the individual defendants are responsible for the tortious conduct of the Savannah U-Haul manager and employee.  No such claim is sufficiently alleged.

The Court previously explained that Georgia law recognizes a claim that employers are liable for the tortious acts of their employees, in some circumstances.  *See* doc. 10 at 5-6 (citing, *inter alia,* O.C.G.A. § 51-2-2). However, there is no allegation that either of the individual defendants is the alleged tortfeasors' employer.  As this Court has explained, "[u]nder the doctrine of respondeat superior, *a corporation*, as an employer, is responsible for the conduct of its employees if the employee acted withing the scope of his employment and on the business of the employer." *Oconee Sporting Sales, Inc. v. Compton*, 2010 WL 11610613, at *6 (S.D. Ga. June 23, 2010).  The corporation is where "the buck stops."  The Eleventh Circuit has succinctly stated the general principle that "[a corporate employer is responsible for the conduct of its employees.  [Cit.] Absent exceptional circumstances, however, this liability does not extend to corporate principals or shareholders."  *In re Villa*, 261 F.3d 1148, 1153

n.6 (11th Cir. 2001) (discussing Florida law).[1]   Since the Court can discern no plausible claim against the individual defendants, they should be **DISMISSED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are

---

[1] The Court of Appeals' reference to "exceptional circumstances," recognizes that, under many states' laws, the separate and distinct legal identity of a corporation may be disregarded "where it is established that the corporation served as a mere alter ego or business conduit of another," by a showing of "commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." *Lowery v. Noodle Life, Inc.*, 869 S.E. 2d 600, 604 (Ga. Ct. App. 2022) (internal quotation marks and citation omitted).   There is no allegation in Middleton's pleading even suggesting such circumstances in the present case.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Despite the fatal defects in Middleton's claims against the individual defendants, the Court is satisfied that he has made a good-faith attempt to identify the entity to permit service. The Court's prior Order discussed Middleton's obligation, as a *pro se* plaintiff, to provide sufficient information to permit the United States Marshal to serve a defendant. *See* doc. 18 at 2. Although Middleton's previous pleading provided an address for service, the Marshal was unable to serve the named defendant at that address. *Id.* at 2-3. The Court directed him to amend his complaint to clarify the entity's identity. *Id.* at 3-5. In a separate response to that Order, Middleton states that his Amended Complaint represents his best efforts to comply with that instruction. *See* doc. 19 at 1. While the Court cannot evaluate whether his amendment

sufficiently identifies the entity defendant, it is sufficient to merit the Marshal making another attempt to serve it.

Accordingly, a copy of Middleton's Amended Complaints, docs. 5 & 20-1, the Court's original Order and Report and Recommendation directing service, doc. 10, and a copy of this Order and Report and Recommendation shall be served upon defendant UHAUL Corporation Franchise Headquarters, *see* doc. 20-1 at 2, or UHAUL-(Franchisor Corporate Headquarters-Licensor), *id.* at 6, at the address provided in the Amended Complaint, *see id.* at 2, by the United States Marshal without prepayment of cost. The instructions previously provided continue to apply. *See* doc. 10 at 8-15. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff.

**SO ORDERED,** this 24th day of August, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA