UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DELANO A. MIDDLETON,           )
                               )
        Plaintiff,             )
                               )
v.                             )     CV423-126
                               )
UHAUL CORPORATION, *et al.*,   )
                               )
        Defendants.            )

## ORDER AND REPORT AND RECOMMENDATION

The Court has twice previously afforded *pro se* plaintiff Delano A. Middleton the opportunity to amend his Complaint to provide sufficient information to permit the United States Marshal to serve any defendant. *See* docs. 18 & 30.  He has filed a Second Amended Complaint. *See* doc. 31.  The Court, therefore, proceeds to screen the Second Amended Complaint.

The Court must screen any complaint filed IFP, pursuant to 28 U.S.C. § 1915(e).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112

1

F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

As the Court previously summarized, Middleton's allegations concern an altercation he was involved in at a U-Haul truck rental location in Savannah, Georgia. *See* doc. 10 at 3-4.  The Second Amended

Complaint similarly alleges that he was involved in a physical altercation with the manager of a U-Haul location in 2021.[1]  *See* doc. 31 at 15-20. He identifies as defendants "Edward Joe Shoen, CEO-Owner UHAUL," "Mark Shoen, Founder-Owner UHAUL," and "UHAUL."  *Id.* at 2.

First, as the Court has previously explained, *see* doc. 21 at 3-5, *adopted* doc. 23, Middleton fails to state any viable claim against the two individual defendants.  Although he does not allege that either individual was involved in the events giving rise to his claims, he appears to contend

---

[1] Middleton has, for the first time, attached copies of police reports to his Second Amended Complaint.  *See* doc. 31 at 40-44.  While, "[i]t is true that documents attached to a complaint or incorporated in the complaint by reference can generally be considered," under the Rule 12(b)(6) standard applicable at screening, "[w]here a civil rights plaintiff attaches a police report to his complaint and alleges that it is false . . . the contents of the report cannot be considered as true . . . ." *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014).  The Court notes that the attached reports are not entirely consistent with Middleton's factual allegations. *Compare* doc. 31 at 44 (recording U-Haul employee's statement that Middleton "grabbed her by the lanyard that was around her neck and told her, '[I]'ll stab you bitch."  [Employee] advised she attempted to get away from [Middleton] but he [saw] her and flipped a cart over on her, then stabbed her."), *with id.* at 18 (alleging that Middleton "was hit-attacked / struck over [his] left upper back part of [his] shoulder," without prior provocation).  The form complaint that Middleton signed includes an express acknowledgement of Rule 11(b), under which, his signature certifies, among other things, that "the factual contentions have evidentiary support."  Doc. 31 at 5; *see also* Fed. R. Civ. P. 11(b)(3).  Middleton is reminded that violation of Rule 11(b) may subject him to sanctions, including monetary sanctions, despite his proceeding *in forma pauperis*, or dismissal.  *See* Fed. R. Civ. P. 11(c); *see also, e.g., Moon v. Newsome*, 863 F.2d 835, 837-38 (11th Cir. 1989).

that they are vicariously liable. The Second Amended Complaint contains the following statement, in unedited form:

> Three Groups of individuals—Shareholders, Board of Directors, and Officers—make up the corporate structure. (1) Shareholders exert influence through the directors they elect to serve and represent them on the Board, (2) the Board of Directors, in turn, manages the affairs of the corporation at a policy level, and hires and fires (3) the officers who are responsible for the day-to-day decisions of the company.

Doc. 31 at 8. He later alleges that "this Complaint acts and actions were committed against the Plaintiff on a negligent Policy level that was created by the UHAUL Founder Mark Shoen and is enforced by UHAUL CEO-Owner of the UHAUL Corporation . . . ." *Id.* at 15. Later still, he alleges, incoherently, "[s]ervant to the master, not insuring that their franchisee, licensee and servant to the master is delivering a consistent, sustainable, and replicable quality of products and services to consumers and customer(s). . . . The UHAUL Founder, and CEO, Franchisor, licensor, HeadQuarters, Corporation, and Master to the servant need the system to grow, prosper, make *profits, and to ensure their designated systems can easily execute to their (Franchisor, licensor, Corporate Headquarters) BRAND STANDARDS." *Id.* at 16. Straining the limits of charitable construction, his mishmash of legal terms implies that

Middleton asserts that the individual defendants are responsible for the tortious conduct of the Savannah U-Haul manager and employee. No such claim is sufficiently alleged.

As the Supreme Court has explained, "legal conclusions" asserted in a complaint are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 680. Even if describing Middleton's hodgepodge of terms as "legal conclusions" gives them too much credit, there is no discernable fact alleged concerning the individual defendants' participation in the allegedly tortious conduct or that they are the alleged tortfeasor's employers. As this Court has explained, "[u]nder the doctrine of respondeat superior, *a corporation*, as an employer, is responsible for the conduct of its employees if the employee acted withing the scope of his employment and on the business of the employer." *Oconee Sporting Sales, Inc. v. Compton*, 2010 WL 11610613, at *6 (S.D. Ga. June 23, 2010). The corporation is where "the buck stops." The Eleventh Circuit has succinctly stated the general principle that "a corporate employer is responsible for the conduct of its employees. [Cit.] Absent exceptional circumstances, however, this liability does not extend to corporate principals or shareholders." *In re Villa*, 261 F.3d 1148, 1153 n.6 (11th

5

Cir. 2001) (discussing Florida law).[2] Middleton has, again, failed to state any plausible claim against either of the individual defendants, and they should, therefore, be **DISMISSED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

---

[2] The Court of Appeals' reference to "exceptional circumstances," recognizes that, under many states' laws, the separate and distinct legal identity of a corporation may be disregarded "where it is established that the corporation served as a mere alter ego or business conduit of another," by a showing of "commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control."  *Lowery v. Noodle Life, Inc.*, 869 S.E. 2d 600, 604 (Ga. Ct. App. 2022) (internal quotation marks and citation omitted).  There is no allegation in Middleton's pleading even suggesting such circumstances in the present case.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Despite the fatal defects in Middleton's claims against the individual defendants, he has complied with the Court's instructions to clarify his most recent assertions concerning the proper recipient of service. *See* doc. 30 at 2-4. Accordingly, a copy of Middleton's Amended Complaints, docs. 5, 20-1 & 31, the Court's original Order and Report and Recommendation directing service, doc. 10, and a copy of this Order and Report and Recommendation shall be served upon defendant UHAUL, at the address provided in the Second Amended Complaint, *see id.* at 2, 6, by the United States Marshal without prepayment of cost. The instructions previously provided continue to apply. *See* doc. 10 at 8-15. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff.

**SO ORDERED,** this 19th day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7